UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JIMMY SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-131JJM |
| | : | |
| 6TH DIVISION DISTRICT COURT, | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On March 29, 2022, Plaintiff Jimmy Smith filed a *pro se*[1] complaint because Rhode Island's Sixth Division District Court returned his electronic filing, apparently made earlier the same day, because it was "not notarized," and directed him to "please file in person to receive a summons." ECF Nos. 1, 3-1. Plaintiff accompanied his complaint with a motion for leave to proceed *in forma pauperis* ("IFP"). ECF No. 2. Plaintiff's IFP motion has been referred to me; based on this referral, I am also required to screen his complaint. See 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Motion to Issue Summons has also been referred to me. ECF No. 5. For the reasons that follow, I find that the pleading fails to state a legally cognizable claim. Therefore, I recommend that the case be dismissed.

**I.    BACKGROUND, LAW AND ANALYSIS**

Plaintiff alleges that he is an electronic filer in the Rhode Island state courts and that he tried to file a small claims case online in the Sixth Division District Court. ECF No. 1 at 4. His filing was rejected; according to his Exhibit to the complaint, this was done in accordance with Rhode Island District Court Rule of Civil Procedure 1(b)(3) because "Document is not notarized,

---

[1] Because Plaintiff is *pro se*, the Court has interpreted his filings liberally. Instituto de Educacion Universal Corp. v. U.S. Dep't of Educ., 209 F.3d 18, 23 (1st Cir. 2000).

please file in person to receive a summons." ECF No. 3-1.  The notification of rejection of the filing sent to Plaintiff includes the advisory that he may "contact the appropriate court help center for further information."  Id.  Plaintiff's pleading also concedes that he "could have easily got the forms from the Courthouse and had a lawyer notarize them in the Court."  ECF No. 1 at 4.  He alleges that the Sixth Division District Court "purposely does not have the paperwork in the courthouse and charges a fee if you want to print the REQUIRED forms."  Id. (emphasis in original).  It is impossible to ascertain whether the latter allegation is related to the claim based on the rejection of his attempted online filing.  Based on these facts, Plaintiff filed a complaint that invokes this Court's federal question and diversity jurisdiction.

I deal first with Plaintiff's assertion that he is invoking the Court's diversity jurisdiction.  A threshold problem with this assertion is that the Plaintiff does not appear even to be trying to state a claim arising under the law of Rhode Island or any other state.  Therefore, there is no state-law claim for the Court to consider and, to that extent, the pleading fails to state a claim.  Further, if Plaintiff had stated such a claim, his attempt to bring it in this Court based on diversity of citizenship, 28 U.S.C. § 1332(a), is unavailing because both diversity and the minimum amount in controversy appear to be missing.  While the portion of the complaint form for declaring the state of citizenship (to invoke diversity-based jurisdiction), alleges that Plaintiff is a citizen of Massachusetts, ECF No. 1 at 3, his self-description in the same form alleges that he lives in Bristol, Rhode Island, id. at 1, as does his "motion to issue summons," ECF No. 5.  Therefore, it would appear more likely that Plaintiff is a citizen of Rhode Island and, assuming Defendant is a citizen of Rhode Island,² that the parties are not diverse.  Fatal to jurisdiction

---

² As pled, the identity of the named Defendant is a court, which is not an entity subject to suit.  Plaintiff may have intended to sue individuals who work in the Sixth Division District Court, who are likely to be citizens of Rhode Island, or Plaintiff may have intended to sue the State of Rhode Island itself, which would be fatal to his claim of diversity jurisdiction.  In re Fresenius Granuflo/NaturaLyte Dialysate Prod. Liab. Litig., 76 F. Supp. 3d 268, 273 (D.

pursuant to § 1332(a) is Plaintiff's allegation that the statutory amount in controversy is "n/a" (not applicable) to his case; indeed, he affirmatively claims that the amount in controversy is *de minimis*. ECF No. 1 at 4 ("costs of my ride to the Courthouse, parking, and potentially being forced to pay for a notary and to print out the documents"). This Court cannot exercise diversity-based jurisdiction unless the "matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). To the extent that the Court hereafter may find that Plaintiff has plausibly pled a state-law claim[3] that this Court may entertain based on diversity of citizenship, he must clarify these aspects of his pleading, mindful that, in pleading his citizenship for the purpose of invoking the Court's diversity jurisdiction, a *pro se* litigant has a duty of candor to the tribunal.

That leaves federal question jurisdiction, which appears to be what Plaintiff intended. Seemingly invoking the Constitution, he alleges that his right of access to the small claims court, including his right to "prosecute cases as an indigent Plaintiff without costs," and unspecified rights pursuant to the "Due Process clause" have been adversely impacted by the practices of the Sixth Division District Court. As remedies, he asks this Court to order the Sixth Division District Court to accept his filing, to declare that its "practices are an unconstitutional restraint on [his] right to petition the government," and to order it to stop "not having the required paperwork on hand . . . [and stop] requiring a notarized signature to receive a summons." ECF No. 1 at 4.

Plaintiff's federal law claim founders on the lack of a constitutional right implicated by his allegations. The Supreme Court has never held that access to the courts must be free; it has concluded, rather, that reasonably adequate opportunities for access suffice. <u>Lewis v. Casey</u>, 518

---

Mass. 2015) ("parties without any state citizenship, such as States, Indian tribes, or Americans domiciled abroad, have been treated as 'jurisdictional spoilers' whose mere presence in an action destroys complete diversity") (citation omitted).

[3] To be clear, I find that he has not.

3

U.S. 343, 355 (1996); Daker v. Dozier, CIVIL ACTION NO.: 6:18-cv-73, 2019 WL 1529514, at *6 (S.D. Ga. Apr. 9, 2019), aff'd sub nom., Daker v. Comm'r, Ga. Dep't of Corr., 856 F. App'x 841 (11th Cir. 2021). Based on this principle, it is well settled that the requirement that an indigent plaintiff may be required to cover some of the costs of filing and prosecuting civil litigation is not unconstitutional. Lewis v. Sullivan, 279 F.3d 526, 528 (7th Cir. 2002). Put differently, mere access to the courts (without more) is not a fundamental right and there is no constitutional entitlement to a subsidy. See id. Thus, for example, a plaintiff does not have a constitutional right to access the small claims court to pursue a civil claim. See Washington v. Alexander, No. CIV S-05-0525 LKK KJM P., 2008 WL 5101469, at *2-3 (E.D. Cal. Dec. 2, 2008), adopted, 2009 WL 77533 (E.D. Cal. Jan. 12, 2009). In short, Plaintiff has failed to state a viable federal cause of action. Therefore, Plaintiff's complaint should be dismissed at screening.[4]

## II.    CONCLUSION

Based on the foregoing analysis, I recommend that this case be dismissed for failure to state a claim and that Plaintiff's IFP motion (ECF No. 2) and motion to issue summons (ECF No. 5) be denied as moot. Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision. See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

---

[4] Because there is no federal cause of action that I can discern, the Court need not address the other deficiencies in Plaintiff's pleading, most notably that it fails plausibly to assert an actual injury in that it makes clear that the small claims court offered him assistance and he admits that he "could have easily got the forms from the Courthouse and had a lawyer notarize them in the Court." ECF No. 1 at 4.

4

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 4, 2022