UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JIMMY SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-131JJM |
| | : | |
| 6TH DIVISION DISTRICT COURT, | : | |
|     Defendant. | : | |

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On April 4, 2022, I issued a report and recommendation recommending that this matter be dismissed for failure to state a claim. ECF No. 7. Three hours after the decision issued, Plaintiff filed a motion to recuse me. ECF No. 8. The motion to recuse has now been referred to me for determination. For the reasons that follow, the motion to recuse is denied.

A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Pursuant to 28 U.S.C. §§ 144 and 455, which govern recusal on a motion by a party, "there are two possible grounds for a judge's disqualification: (1) the judge's impartiality may reasonably be questioned; or (2) the judge may have a personal bias or prejudice concerning a party." United States v. Kelly, 712 F.2d 884, 889 (1st Cir. 1983). "The well-established test . . . is . . . whether the charge of lack of impartiality is grounded on facts that would create a reasonable doubt concerning the judge's impartiality, not in the mind of the judge . . . or even necessarily in the mind of the litigant filing the motion . . . but rather in the mind of the reasonable [person]." Panzardi-Alvarez v. United States, 879 F.2d 975, 983 (1st Cir. 1989) (internal quotation marks omitted). Recusal is required when the objective circumstances create an appearance of partiality. In re Martinez-Catala, 129 F.3d 213,

220 (1st Cir. 1997).  On the other hand, "[d]issatisfaction with a judicial decision is not a basis for recusal."  Silva v. Rhode Island, C.A. No. 19-568-JJM-PAS, 2021 WL 4712902, at *2 (D.R.I. June 14, 2021) (motion to recuse denied).

Plaintiff seeks recusal based on my status as a member and officer of the Board of Directors of Roger Williams University School of Law.  ECF No. 8 at 1.  In two different cases brought by this Plaintiff, he sued Roger Williams Law School (21-cv-133-PJB-AKJ and 21-cv-190-PJB-AKJ) and I recused, along with other judicial officers of this Court; those two cases are being handled in the District of New Hampshire.  However, this case is entirely different from those in that the instant complaint names only Rhode Island's "6th Division District Court"; it is based only on that court's rejection of Plaintiff's electronic filing in a small claims matter.  ECF No. 7 at 1-2.  Roger Williams University School of Law is not a party and there are no allegations concerning Roger Williams School of Law in the complaint.  Furthermore, I do not know Plaintiff and I have no knowledge, prejudice or bias regarding either of the parties or regarding any aspect of the matters in issue in this case.  Therefore, I find that this is not a circumstance where my impartiality "might reasonably be questioned."  In re United States, 441 F.3d 44, 68 (1st Cir. 2006) (internal quotation marks omitted).  Accordingly, I must be guided by the principle that a judge has "a duty not to recuse . . . herself if there is no objective basis for recusal."  Id. at 67 (emphasis added).

Based on the above analysis, Plaintiff's motion to recuse is denied.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
April 6, 2022