UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| JIMMY SMITH, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 22-131JJM |
| | : | |
| 6TH DIVISION DISTRICT COURT, | : | |
|     Defendant. | : | |

**REPORT AND RECOMMENDATION**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

On March 29, 2022, Plaintiff Jimmy Smith filed a *pro se* complaint, together with a motion for leave to proceed *in forma pauperis* ("IFP"), alleging that Rhode Island's small claims court ("6th Division Court") violated his constitutional due process rights as an indigent plaintiff when it rejected his attempt to file a complaint electronically because it was not notarized and charged him an unspecified amount of money to make a copy of documents he believes the clerk's office should keep available; Plaintiff's attachment to his complaint makes clear that he was not charged a filing fee. I reviewed the pleading and the motion, found that the former fails to state a legally cognizable claim and recommended that the case be summarily dismissed. In light of that recommendation, I also recommended that Plaintiff's motion for issuance of a summons and IFP motion be denied as moot. Immediately after my report and recommendation issued, Plaintiff moved for my recusal, which motion I denied. Plaintiff also filed a Motion to Take Judicial Notice, alleging that he was directed by a clerk at the federal court in Boston to the wrong courtroom.

Plaintiff did not file a timely objection to my report and recommendation. After the time to object had passed, by Text Order on April 27, 2022, the District Court adopted the recommendations, dismissed the complaint and denied as moot Plaintiff's IFP motions (by then

the IFP motion had been filed a second time on a different form), his motion for issuance of a summons and his motion asking for judicial notice.  After this Text Order issued, Plaintiff filed a brief handwritten motion to stay proceedings and a belated objection to the report and recommendation, which the District Court denied as moot.

On April 29, 2022, and on May 6, 2022, Plaintiff filed two Notices of Appeal.  The first appears to appeal from the Text Order of April 27, 2022, as well as from my order denying the motion to recuse myself (ECF No. 10), my failure *sua sponte* to recuse myself and my report and recommendation (ECF No. 7).  The second notice of appeal (ECF No. 15) appears to restate the appeal from my failure to recuse and my recommendation of dismissal.  On June 3, 2022, Plaintiff filed a motion for leave to proceed IFP on appeal, which states that his appeal issues are "Equal Protection under the Law for Persons in poverty and access to justice for persons of poverty," as well as "breach of an implied contract with the court."  ECF No. 17 at 1.  This IFP motion has been referred to me for determination.  Because I find that it should be denied, I am addressing it by report and recommendation.  Keselica v. Wall, No. CA 07-224 ML, 2007 WL 2126518, at *1 (D.R.I. July 23, 2007) (denial of IFP motion is equivalent of dismissal).

Plaintiff's IFP motion satisfies the procedural requirements of Fed. R. App. P. 24(a).  However, an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith.  28 U.S.C. § 1915(a)(3).  Good faith for purposes of § 1915(a)(3) is judged by an objective standard; that is, whether the litigant "seeks appellate review of any issue not frivolous."  DuLaurence v. Telegen, No. 15-1537, 2016 WL 10454553, at *1 (1st Cir. Nov. 30, 2016) (quoting Coppedge v. United States, 369 U.S. 438, 445 (1962)).  If Plaintiff's claims on appeal are non-frivolous, even though they present no substantial question, the IFP motion should be granted.  Id.

In this instance, I find that Plaintiff's core complaint – that Rhode Island's small claims court's requirement that a document be notarized and conduct in charging him an unspecified amount of money for copying documents deprived him of his constitutional right of access to the courts – is frivolous.  All of the other matters that Plaintiff seeks to address on appeal are collateral to this core issue.  Accordingly, I recommend that the Court certify that this appeal is not taken in good faith.  I further recommend that Plaintiff's motion to proceed IFP on appeal be denied pursuant to 28 U.S.C. § 1915(a)(3).

Any objection to this report and recommendation must be specific and must be served and filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b)(2); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district judge and the right to appeal the Court's decision.  See United States v. Lugo Guerrero, 524 F.3d 5, 14 (1st Cir. 2008); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 21, 2022